Arthur E. Blyn, J.
This is an action based upon a claim of breach of warranty.
The facts are that the plaintiff purchased a Mercedes-Benz automobile for which he paid the sum of $13,500 from Mercedes-Benz Manhattan, the defendant. Part of the standard equipment which came with the car was an AM-FM stereo radio. The radio was manufactured by a different company. The plaintiff testi-' fied that from the time he took delivery of the automobile in April of 1971 he had trouble with the radio. He brought the car into Mercedes-Benz Manhattan on July 15, 1971; September 28,1971; January 18, 1972; February 1, 1972 and November 15, 1972. Mercedes-Benz replaced the radio three times and the radio antenna once. The plaintiff testified that the radio still did not operate properly. On the last date Mercedes-Benz refused to make any further efforts to' remedy the situation claiming that it was taking this position on advice of its attorneys. Mercedes-Benz did not offer any evidence to refute the claim of the plaintiff that the radio still did not operate properly. There was also an admission by Mercedes-Benz that there had been complaints by other purchasers of its automobiles about the same radio. It was also conceded that the value of the radio was $450, the sum sought by the plaintiff as damages for the alleged breach of warranty.
The defendant’s sole defense was its claim that it had expressly disclaimed any warranties. It relied on certain language contained in the Mercedes-Benz “ Owners Service and Warranty Policy ’ ’ which the defendant testified it gave to each purchaser of its automobiles and a copy of which the plaintiff admitted he had received.
*213 The language referred to stated: “ This warranty is expressly in lieu of all other warranties and representations, expressed or implied, including, but not limited to, implied warranty of merchantability or fitness for a particular purpose, and of all other obligations or liabilities on the partof the dealer, Mercedes-Benz of North America, Inc., and Daimler-Benz A. G. dealer neither assumes nor authorizes any other person to assume for it any other liability in connection with such passenger car.”
The language of the warranty referred to reads: ‘ ‘ Dealer warrants each part of each new Mercedes-Benz passenger car sold by him and operated in the IT. S. A. or Canada to be free from defects in material and workmanship under normal use and service up to a period of 12 months or 12,000 miles from the date of initial operation, whichever event shall first occur. This warranty includes each part of any accessory or equipment thereon mdnufactured by Daimler-Benz A. G. or accepted byt Mercedes-Benz of North America, Inc., except ^s hereunder provided” (emphasis supplied).
An earlier portion pf the policy states: “ The warranty hereunder shall not apply to (1) Radios, air conditioning units, tires and tubes ” (emphasis supplied).
-This court interprets -the language of disclaimer to refer only to the subject of the express warranties set forth in the ‘1 Owners Service and Warranty Policy ” which warranties then expressly exclude the radio and certain other equipment.
The warranty which is “in lieu of etc., is itself a limited warranty in that: it restricts the warranty to a particular length of time or amount of mileage; also limits the extent of the obligation of the dealer as to what he must do if there is a defect; and further limits the area of warranty to such defect or defects which “ are acknowledged by him [the dealer] to be defective.”
It is the court’s opinion that these are the matters to which the phrase “ in lieu of ” refer. If there were no express warranty there would be no such limitations in the implied warranties which would then be applicable.
Certainly the disclaimer cannot be taken to refer to the radio inasmuch as it, along with certain other equipment, has been excluded from the dealer’s express warranty.
Subdivision (2) of section 2-316 of the Uniform Commercial Code sets forth a simple and unequivocal disclaimer in the following words: ‘ ‘ There are no warranties which extend beyond the description on the face hereof.” Apparently the dealer preferred the more artful phrase ‘ ‘ in lieu of ’ ’ which phrase does not convey to the prospective purchaser the clear *214 and unambiguous' notice of disclaimer as does the statutory recommendation.
It is the opinion of this court that there remained implied warranties that the radio was fit for the particular purpose for which it was supplied as standard equipment and was of merchantable quality. (Uniform Commercial Code, § 2-314,. subd. [2], par. [c], § 2-315.)
It is clear that the radio did not live up to such implied warranties in that it did not operate properly.
Judgment is awarded the plaintiff in the sum of $450, with, interest from May 1,1971, together with costs and disbursements.